In this case the plaintiff's damage claims were for the rental value of the premises occupied by the defendants as tenants and for waste occurring during the tenancy. It is undisputed that no formal hearing in damages was held. In oral argument the plaintiff conceded that no court reporter was present, that no testimony was taken and that the judge took his action in chambers. Although the judge did file a finding, a finding was not proper because he heard no evidence. Gary Excavating Co. v. North Haven,160 Conn. 411, 413; Sorensen v. Cox, 132 Conn. 583, 587.
The record recites that on March 23, 1976, a "default for failure to appear defend at time of trial" was entered against the defendants. It does not appear that the default was entered in open court. Even were we to assume that the judge was authorized to order a default in chambers; but see Norwalk Street Ry. Co.'s Appeal, 69 Conn. 576,602; the entry of the default would have entitled the plaintiff to a judgment for only nominal damages. Went v. Schmidt, 117 Conn. 257, 258. If the plaintiff wished to recover anything more than nominal damages a hearing in damages was required.[1] Cardona v. Valentin, 160 Conn. 18,26; Went v. Schmidt, supra, 258-59.
A hearing in damages implies a hearing. "A `hearing' is generally understood to be a proceeding where evidence is taken to the end of determining an issue of fact and a decision made on the basis *Page 531 
of that evidence." People v. Pennington, 66 Cal.2d 508,521. The proceeding must be such that the affected party has the means of knowing what evidence is offered or considered so that he may test, explain or refute it. Davis v. Davis,103 N.J. Super. 284, 288. Where the judge acts in chambers and no transcript is taken of the proceedings, the defendants have no way of knowing what, if anything, the judge considered in rendering judgment and, therefore, they are deprived of a factual basis for testing the judge's action either on a motion to open or on appeal. Because a hearing in damages was not conducted in this action, the judgment was rendered erroneously.
 There is error, the judgment is set aside and the case is remanded with direction to grant the defendants' motion to open and to proceed thereafter according to law.
PARSKEY, D. SHEA and SPONZO, Js., participated in this decision.