577 P.2d 420

**Annie MEDINA, Plaintiff-Appellee,**

v.

**WICKED WICK CANDLE CO., Employer, and American Motorists Insurance Co., Insurer, Defendants-Appellants.**

**No. 2874.**

Court of Appeals of New Mexico.

Oct. 18, 1977.

Writ of Certiorari Denied Nov. 14, 1977.

Stephen M. Williams, Shaffer, Butt, Jones, Thornton & Dines, P.C., Albuquerque, for defendants-appellants.

Pedro G. Rael, Zamora, Rael & Weinreb, P. A., Jere C. Corlett, Santa Fe, for plaintiff-appellee.

**524**

## OPINION

SUTIN, Judge.

Defendants appeal a workmen's compensation judgment in favor of plaintiff. We reverse.

The trial court found the following facts: On April 14, 1972, plaintiff, 29 years of age, suffered a work-related injury while attempting to lift two trays of 24 uncut cube candles. On this date she had completed the twelfth grade in the Espanola schools. She had no general or specialized training in any field of endeavor. Since 1959, she worked in employment requiring heavy manual labor, including duties of maid, waitress, janitor, cook and candle wrapper and she did not have sufficient mental training or physical capacity to be eligible for other work.

Since the accident, plaintiff has worn a back brace, has been unable to bend or lift any object of weight without pain in her spine, and has been unable to sit, stand or drive an automobile for more than a short time without pain and stiffness in her spine.

On February 1, 1974, after rehabilitation training, plaintiff began work for the State of New Mexico as a clerk-typist, but was and has been unable to perform her work completely and efficiently because of pain and stiffness in her spine and right leg. (Challenged). Beginning April 14, 1972, plaintiff's injuries have resulted in total permanent disability. (Challenged).

Plaintiff's injury and disability resulting therefrom are permanent and are a natural and direct result of, and proximately caused by, the accident and plaintiff is entitled to the benefits allowed by the Workmen's Compensation Act.

Plaintiff is 100% unable to perform the usual tasks in the work she was performing *at the time of her injury,* and she is further 100% unable to perform any work for which she was *then* fitted by age, education, training, general physical and mental capacity and previous work experience, all of which she would otherwise have been able to do, if said injuries and disability were absent. (Challenged).

The trial court concluded that plaintiff's injury, beginning April 14, 1972, resulted in total permanent disability. (Challenged).

Defendants contend "There is no substantial evidence in the record supporting the findings as to total permanent disability." We agree.

"Total disability" is defined in § 59–10–12.18, N.M.S.A.1953 (Repl.Vol. 9, pt. 1). It provides in pertinent part:

As used in the Workmen's Compensation Act . . ., "total disability" means a condition whereby a workman . . . is wholly unable to perform the usual tasks in the work he was performing at the time of his injury, *and* is wholly unable to perform *any* work for which he is fitted by age, education, training, general physical and mental capacity, and previous work experience. [Emphasis added]

■ This definition provides for a two-pronged test, both of which must be proved by plaintiff at the time of trial: (1) She must prove that she was totally unable to perform the work she was doing at the time of the injury. This test was proven. (2) And she must prove that she was totally unable to perform ANY work for which she was fitted by age, education, training, general physical and mental capacity and previous work experience. Plaintiff did not prove the second test. The fact that plaintiff was totally disabled to be a clerk-typist at the time of the injury on April 14, 1972, does not continue as total disability once she has returned to full-time employment as a clerk-typist. The second test means that plaintiff must be totally disabled to be a clerk-typist at the time of trial.

This two-pronged test was established in *Medina v. Zia Company,* 88 N.M. 615, 544 P.2d 1180 (Ct.App.1975). Plaintiff avoided any mention of *Medina* and failed to attack *Medina* or explain its inapplicability. In *Medina,* plaintiff, after recovery from a hernia operation, did not return to his employment to do light work for which he was fitted. Plaintiff was denied any compensation. In the instant case, plaintiff retrained

herself as a secretary and entered into gainful employment with the State while partially disabled. Plaintiff is entitled to compensation benefits, not on the basis of total disability, but on the basis of partial disability.

■ Under the second test, the phrase "totally unable to perform ANY work" means "totally unable to perform ALL work", i. e., plaintiff can do "NO work" for which she is fitted. To be totally disabled, a workman must be totally incapable of engaging in any gainful occupation, business or profession based upon the workman's age, education, training, general physical and mental capacity and previous work experience.

■ This case is controlled by *Bartlett v. Shaw*, 76 N.M. 753, 418 P.2d 533 (1966). A workman, who was a repairman of heavy equipment in the oil fields, became totally disabled. Through self-education and on-the-job training, he became a salesman in an auto parts store. The Supreme Court held that the workman, while a salesman, was no longer totally disabled and it was not error for the trial court to reduce his compensation benefits to 20% of the total. The workman was partially disabled to the extent of 80% after he engaged in post-injury employment as a salesman.

From April 14, 1972 to February 1, 1974, there is medical testimony that plaintiff was totally disabled. She is entitled to compensation benefits during this period of time based upon total disability.

From February 1, 1974 to the time of trial, plaintiff was gainfully employed as a clerk-typist. She wore a back brace, suffered pain and stiffness in the spine and left leg, had problems of sitting longer than 45 minutes during her working hours, and she was unable to completely and efficiently perform her work. Nevertheless, plaintiff was acceptable to her employer. She had approximately a 20% reduction in productivity from what she could normally do, if she had not been injured. "Productivity" is not synonymous with "disability". "The word 'disability' simply means 'disablement' resulting from an accidental injury." *Witcher v. Capitan Drilling Company*, 84 N.M. 369, 374, 503 P.2d 652, 657 (Ct.App. 1972) (Sutin, J., concurring). There is sufficient medical and other testimony in the trial of this case for the trial court to determine the extent of plaintiff's partial disability.

Plaintiff contends that she "retrained" herself to perform the duties of a secretary and this fact did not disqualify her from acquiring total and permanent disability benefits. Reliance is had on *Maes v. John C. Cornell, Inc.*, 86 N.M. 393, 524 P.2d 1009 (Ct.App.1974). *Maes* held that a disabled "grease monkey" who engaged in post-injury employment as a doorman and janitor for the State of New Mexico, was entitled to recover compensation for total disability. The opinion relied on *Adams v. Loffland Brothers Drilling Company*, 82 N.M. 72, 475 P.2d 466 (Ct.App.1970) and *Brown v. Safeway Stores, Inc.*, 82 N.M. 424, 483 P.2d 305 (Ct.App.1970).

In *Adams*, "Plaintiff would return to work and, after a brief time, a few days to two months, his back pain would become so severe that he was either hospitalized or returned to bed rest." [82 N.M. at 74, 475 P.2d at 468]. Plaintiff was totally unable to perform any gainful employment.

In *Brown*, there was no suggestion that plaintiff was employable for any job. "Although it might be imaginable that plaintiff might be employed at something, there is nothing in the record that would support such a finding." [82 N.M. at 427, 483 P.2d at 308]. Again, plaintiff was totally unable to perform any gainful employment.

In *Maes*, if plaintiff were able to continue in his employment, he was not totally disabled. He may have been partially disabled. Reliance on *Maes* does not support plaintiff's contention.

The fact that plaintiff "retrained" herself to become a secretary is commendable, but it does not translate partial disability into total disability. "Training" is included in the second test of total disability. The reason for including the element of "training" is to encourage a workman to seek other

employment and to work despite disability that results from an accidental injury. The Workmen's Compensation Act does not condone the conduct of those employees who desire to sleep as Rip Van Winkle did in the fable of the 19th century. In addition to compensation received for gainful employment, plaintiff is also entitled to compensation benefits for partial disability.

We also note that plaintiff was injured on April 14, 1972, over five years ago. She was paid compensation up to June 12, 1972. The complaint was filed May 11, 1973. The date of trial and entry of judgment do not appear of record, but a bill of costs was filed on January 12, 1977. The delay in the trial of this case, without any reasons appearing of record, was inexcusable, especially in a case of this nature when plaintiff was disabled and paid compensation up to June 12, 1972 and then terminated. A disabled workman should not suffer almost five years of delay in a determination of his rights to compensation benefits. We emphasize that *"When a workmen's compensation claim is at issue, the judge of the district court shall advance the cause on the court's calendar and dispose of the case as promptly as possible.* The trial shall be conducted in a summary manner as far as possible." Section 59–10–13.10, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1).

Under this law, attorneys for opposing parties have a duty, after the complaint and answer are filed, to undertake discovery procedures within a reasonable time, and thereafter, call to the attention of the district court that the compensation claim is at issue. The district court must then dispose of this case as promptly as possible. The case should not be placed on a trailing docket time after time. We have no sympathy for opposing attorneys who let a case sleep in their files, *Weiss v. Hanes Manufacturing Company,* 90 N.M. 683, 568 P.2d 209 (Ct.App.1977) and attorneys for claimant cannot complain of a comparatively low attorney fee in the trial court where the cause of delay is placed on the claimant's attorney. *Casaus v. Levi Strauss & Co.,* 90 N.M. 558, 566 P.2d 107 (Ct.App. 1977).

We hold that plaintiff was totally disabled from April 14, 1972 to February 1, 1974, and partially disabled from February 1, 1974 to the date of judgment in the trial court. Plaintiff is entitled to compensation benefits as provided by law for partial disability.

This cause is remanded to the trial court to vacate its judgment, determine the percentage of plaintiff's partial disability at the time of trial, hold a hearing as soon as possible to determine whether plaintiff's partial disability has increased or decreased as provided in § 59–10–25(A), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1), and enter a judgment based thereon.

Due to the inexcusable delay in this case, and within the discretion of the trial court, the amount of compensation payments due for total disability from April 14, 1972 to February 1, 1974 may be computed and interest thereon may be added at the rate of 6% per annum from the date of the judgment entered below to the date of payment. Section 50–6–3, N.M.S.A.1953 (Repl. Vol. 8, pt. 1).

Plaintiff is denied any attorney fees on this appeal. Defendants shall recover the costs of this appeal.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.