608 P.2d 526

Paul Verne CLYMO, Plaintiff-Appellant Cross-Appellee,

v.

UNITED NUCLEAR CORPORATION and Travelers Insurance Company, Defendants-Appellees Cross-Appellants.

No. 3976.

Court of Appeals of New Mexico.

Jan. 22, 1980.

Ann Kass, William H. Carpenter, Albuquerque, for plaintiff-appellant cross-appellee.

Robert H. Clark, Henry F. Narvaez, Keleher & McLeod, Albuquerque, for defendants-appellees cross-appellants.

OPINION

SUTIN, Judge.

This is a workmen's compensation case in which the trial court found that the sole issue to be determined was the extent and duration of plaintiff's disability.

The trial court found that plaintiff was totally and permanently disabled; that he is now employed by defendant due to plaintiff's motivation and concessions made by defendant, "although because of his disability, he would not be employable in any other job should this arrangement be terminated;" that "[e]ven though Plaintiff manages to function within a well proscribed [?] and limited area as a supervisor, such occupation is not within his work experience, and he performs such work only in spite of enduring pain, discomfort, and what would otherwise objectively be totally disabling."

The court concluded that plaintiff was entitled to workmen's compensation benefits in the amount of $90.00 per week for a period of 600 weeks based upon total permanent disability.

An Amended Judgment was entered, the pertinent part of which reads:

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that plaintiff is entitled to workmen's compensation benefits in the amount of $90.00 per week for a remaining period of 590 weeks, *such compensation to become payable on the date his present employment at United Nuclear ceases*; provided however that *no compensation shall become payable if he continues his employment at United Nuclear Corporation until he reaches the age of retirement*; and provided further that *any compensation which is otherwise payable to plaintiff be offset by his wages at United Nuclear Corporation, up to the amount of such payable compensation.* [Emphasis added.]

This judgment was approved by both parties. Nevertheless, plaintiff appeals from this judgment. He claims the trial court erred in allowing defendants credit for compensation benefits as against wages paid plaintiff for services presently being rendered.

Defendants cross-appeal. They claim (1) the trial court erred in finding that plaintiff was totally and permanently disabled from performing work for which he was fitted, and (2) the award of attorney fees to plaintiff should be reduced or eliminated.

We reverse and remand.

A. *The Judgment entered was plainly erroneous.*

Plaintiff was seriously injured in a head-on crash between his semi-truck and a pickup truck driven by another person. Subsequently, he received a telephone call from his employer that it preferred not to file a "lost time accident report" and that plaintiff report to work solely to "punch-in." For several weeks following the crash, plaintiff punched in but did not stay at work. Thereafter, plaintiff returned to work driving heavy equipment until a physician ordered him to stop because of his pain. Plaintiff continued to work. He was useful in paper work and various maintenance jobs although experiencing continuous pain.

Since early 1977, plaintiff assumed additional responsibilities as an overseer (1) to make sure heavy equipment is safe and sound for other men to operate, (2) to make sure the maintenance and production divisions of the corporation function in harmony to prevent the mill from shutting down due to a lack of ore to process, (3) to make sure the corporation's equipment meets federal safety requirements to prevent injuries to workmen and to prevent fines being imposed for unsafe equipment, (4) to make sure that the ore loading and ore hauling operations are synchronized on a 24-hour-a-day, seven-day-week basis, (5) to train new employees to operate and care for heavy equipment, (6) to make sure the mine roads are clear of snow and ice in the winter to prevent shutdown, and (7) to recapture thousands of tons of ore from waste piles.

Plaintiff's conscientious devotion to work and United Nuclear's favorable response deserves the commendation of this Court and the applicable law. It expresses the spirit and purpose of the Workmen's Compensation Act. See cases *infra*.

Plaintiff is not totally disabled. He is partially disabled. No further discussion of disability is necessary. *Medina v. Wicked Wick Candle Co.*, 91 N.M. 522, 577 P.2d 420 (Ct.App.1977); *Marez v. Kerr-McGee Nuclear Corp.*, 93 N.M. 9, 595 P.2d 1204 (Ct.App.1978), Sutin, J., Specially Concurring, 93 N.M. 9, 597 P.2d 1178 (Ct.App. 1978); *Aranda v. Mississippi Chemical Corp.*, 93 N.M. 412, 600 P.2d 1202 (Ct.App. 1979).

Plaintiff is entitled to compensation for partial disability from the time he returned to work and as long as he remains disabled in his present employment. In the event his employment ceases, plaintiff and defendant each have the right, thereafter, to seek an increase or decrease in compensation based upon the determination of plaintiff's disability. During the period that plaintiff continues in his work, his compensation shall not be offset by wages received. Plaintiff is a conscientious, aggressive employee of great value to United Nuclear. In addition to his wages, he is entitled to all

compensation benefits due him by reason of his continuous pain and suffering. His devotion to the support of his family and to his work for United Nuclear merits commendation, not remonstrance.

Plaintiff is entitled to compensation for total disability from the date of the accident to the date he became supervisor for defendant.

The judgment of the district court was erroneous.

B. *The attorney fee awarded plaintiff is reversed.*

■ The trial court awarded plaintiff an attorney fee equal to 15% of the present value of the total compensation award, plus a 4% sales tax. Since this case was tried, the guidelines have been set forth in *Fryar v. Johnsen*, State Bar of New Mexico Bulletin and Advance Opinions, Vol. 18, No. 45, November 8, 1979. We assume that this opinion is prospective in operation. Nevertheless, the fee awarded plaintiff was based upon a percentage of the present value of the total compensation award. This valuation is no longer effective due to the erroneous judgment entered. Another attorney fee must now be awarded plaintiff. We, therefore, hold that *Fryar* is applicable. A hearing shall be held. Evidentiary support of the fee is essential. In addition, the trial court shall consider the various factors stated in the *Fryar* opinion and shall make findings of fact and conclusions of law in its determination of the amount of the fee to be awarded plaintiff.

C. *Attorney fees on appeal rest in the discretion of this Court.*

■ The Supreme Court has not set guidelines for an award of an attorney fee on appeal. *Herndon v. Albuquerque Pub. Schools*, 92 N.M. 287, 587 P.2d 434 (1978) held that a denial of an attorney fee to plaintiff on appeal was an abuse of discretion; *that a fee of $2,500.00 was a reasonable fee, plus an additional fee of $500.00 for prosecuting a petition for certiorari.* In *Fryar*, the court said that the norm is between $1,500.00 and $2,000.00; that this

Court abused its discretion in awarding a fee of $3,000.00 on appeal.

In each case, it means that this Court acted beyond the bounds of reason. This conflict in the exercise of reason is insoluble in the determination of a reasonable attorney fee. Perhaps the guidelines established in the trial court should replace the exercise of discretion on appeal. This Court should be clothed with the right to deny an award of attorney fees on appeal if the attorney for plaintiff failed in his duty. It should have the right to award a fee in excess of $2,000.00 if the attorney expended much time and effort to preserve a precarious judgment below. In the brief on appeal, plaintiff's attorney should detail the work expended from the entrance of a judgment below. If the judgment is affirmed on appeal, a determination can be made of a reasonable fee for services rendered.

In the instant case, plaintiff succeeded in reversing the judgment below to its advantage and detriment. Defendants reversed the judgment as to total disability and in its award of attorney fees to plaintiff. What conclusion is within the bounds of reason?

We hold that plaintiff is entitled to an award of $1,500.00 for an attorney fee in the prosecution of this appeal.

This case is reversed and remanded for the following purposes:

(1) The trial court shall hold a hearing to determine the percentage of partial disability suffered by plaintiff from the time he became supervisor for defendant. Additional evidence shall be allowed by the parties.

(2) The trial court, at the hearing, shall hear evidence relative to an award of attorney fees to plaintiff.

(3) The trial court shall then render a decision and enter judgment according to law.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., specially concurs.

HERNANDEZ, Judge (specially concurring).

The plaintiff's sole point of error is that the trial court erred in allowing the defendants' credit for wages paid plaintiff toward the award of compensation benefits. I agree. This matter is governed by the decision of our Supreme Court in *Roybal v. County of Santa Fe*, 79 N.M. 99, 440 P.2d 291 (1968):

We are of the opinion that the allowance of credit is dependent on the employer's intention, and that in determining intention, "wages" and "compensation" are to be considered in accordance with the following usage of those terms:

". . . 'Compensation' of an employee in the form of wages or salary for services performed, does not have the same meaning as the word 'compensation' in the Workmen's Compensation Act. The former is remuneration for work done; the latter is indemnification for injury sustained. . . ." [Citations omitted.]

The question is one of determining whether the wages here were paid in lieu of disability payments. In arriving at an answer, it is necessary to characterize payments made during the period of employment subsequent to the injury. This characterization turns on the facts of each case. [Citations omitted.]

We think the following criteria for such characterization, suggested in 2 Larson, Workmen's Compensation Law, are sound:

"If the payment of wages was intended to be in lieu of compensation, credit for the wages is allowed. However, since there is seldom any direct evidence on whether such an intention lay behind the payment, it must be inferred from the circumstances surrounding the payment." Sec. 57.41, p. 18.

"The most important of these circumstances seems to be the question whether the injured man really earned his wages. If he is paid his regular wage although he does no work at all, it is a reasonable inference that the allowance is in lieu of compensation. An occasional court will say that such a payment is to be deemed a gratuity, but this, in the absence of special facts indicating a charitable motive, is unrealistic. . . .

"The same principle applies when the employee is given light or reduced work at his old pay. If that rate of pay is not ordinarily offered to workers performing those duties, the expenditure can only be explained as provision of regular financial benefits to a work-injured man—in other words, workmen's compensation.

"By contrast, if the man is giving a dollar's worth of labor for every dollar he is paid, the intention of the employer cannot be said to be that of supplying a substitute for workmen's compensation; it is simply to purchase these services from this man on the same terms as from any other man. Therefore credit is usually disallowed when it can be shown that the claimant earned the wages he was paid during the period in question. . ." Sec. 57.42, pp. 18–20.

The testimony of the plaintiff and that of Mr. Kenneth R. Warinner, general superintendent of the defendant, United Nuclear Corporation, was in complete unanimity that the plaintiff "really earned his wages." There was no other evidence to the contrary. The trial court erred in giving the defendants credit for the wages earned by plaintiff.

The defendants and cross-appellants raised two points of error: (1) that the trial court erred in finding that plaintiff was totally and permanently disabled from performing work for which he was fitted; & (2) that the trial court's award of attorney's fees should be reduced or eliminated.

The defendants' first point of error has merit. The trial court's fourth finding was that the plaintiff was wholly unable to perform any work for which he was fitted by age, education, training, general physical and mental capacity, and previous work experience.

"Findings of fact, which are properly attacked, will not be sustained on appeal if unsupported by substantial evidence."

*Cantrell v. Lawyers Title Insurance Company*, 84 N.M. 584, 506 P.2d 90 (1973). The record reveals no substantial evidentiary support for such a finding. The record does show that the plaintiff was performing his work as a supervisor in a very satisfactory manner albeit he continued to experience some pain. Section 52–1–24, N.M.S.A.1978 provides in pertinent part:

" 'total disability' means a condition whereby a workman, by reason of an injury . . . *is wholly unable to perform any work* for which he is fitted by age, education, training, general physical and mental capacity and previous work experience." [Emphasis added.]

Defendants' second point of error is that the award of attorney fees should be reduced or eliminated. I agree with the majority that the trial, on remand of this case, should reconsider the matter of attorney fees in accordance with the guidelines laid down by the Supreme Court in *Fryar v. Johnsen*, supra.