623 P.2d 1021

Mary Lou LOPEZ, a/k/a Mary O. Lopez, Individually and as next friend for Jerald Ray Lopez and Rebecca Ann Lopez, Plaintiff-Appellee,

v.

K. B. KENNEDY ENGINEERING CO., The Travelers Indemnity Company of Rhode Island and Beneficial Standard Life Insurance Company, Defendants-Appellants.

No. 4626.

Court of Appeals of New Mexico.

Jan. 27, 1981.

R. E. Richards, Hobbs, for defendants-appellants.

E. Ray Phelps, E. Ray Phelps, P. A., Roswell, Warren F. Reynolds, Warren F. Reynolds, P. A., Hobbs, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendants appeal from a judgment in a workmen's compensation case in which plaintiff was awarded $18,000.00 for attorney fees. We affirm.

The trial court found:

\*    \*    \*    \*    \*    \*

9. Plaintiff is entitled to reasonable attorneys fees for the services of her attorneys in this action \* \* \*.

As to attorney's fees \* \* \* the Court finds that no pre-trial settlement offer was made, that the services of two attorneys were reasonably required in prepa-

ration and trial of this cause, that E. Ray Phelps utilized 161.1 hours on the case and Warren Reynolds utilized 52.75 hours on the case. The case involved difficult and closely contested questions of fact and law.

The court concluded:

\*   \*   \*   \*   \*   \*

4. The plaintiff is entitled to attorney's fees in the sum of $18,000.00 * * *.

■ Defendants failed to request findings of fact conclusions of law, and thus cannot obtain a review of the evidence on appeal. *Kipp v. McBee*, 78 N.M. 411, 432 P.2d 255 (1967); *McLam v. McLam*, 85 N.M. 196, 510 P.2d 914 (1973). Furthermore, defendants failed to include any evidence in the record on attorney's fees. This also precludes our review of the question argued. *Irwin v. Lamar*, 74 N.M. 811, 399, P.2d 400 (1964); *Mountain States T. & T. Co. v. Suburban Telephone Co.*, 72 N.M. 411, 384 P.2d 684 (1963). We shall not test the reasonableness of the fees awarded in the trial court.

Defendants claim the trial court erred in its award of attorney fees because it did not hold an evidentiary hearing. They rely on *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979); *Clymo v. United Nuclear Corp.*, 94 N.M. 214, 608 P.2d 526 (Ct.App.1980); *Johnsen v. Fryar*, State Bar of New Mexico Bulletin and Advance Opinions, Vol. 19, No. 45, November 6, 1980 (Ct.App.) (Cert. granted) (Johnsen, Second). Defendants are mistaken.

"A 'hearing' is a proceeding of relative formality, generally public, with definite issues of fact or of law to be tried, in which parties proceeded against have a right to be heard * * *." *Board of Ed. of Cleveland v. Cuyahoga Cty. Bd. of Rev.*, 34 Ohio St.2d 231, 298, N.E.2d 125, 127 (1973). "A hearing ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue, in person or by counsel, as to the inferences flowing from the evidence," *Lovelady v. Lovelady*, 281 Ala. 642, 644, 206 So.2d 886,

888–9 (1968), "* * * where evidence is taken to the end of determining an issue of fact and a decision made on the basis of that evidence. The proceeding must be such that the affected party has the means of knowing what evidence is offered or considered so that he may test, explain or refute it." *Darmos v. Pasqua*, 34 Conn.Sup. 529, 374 A.2d 814, 815 (1976). " 'Hearing' should not be construed more narrowly than 'testimony' or 'evidence'." *Doran v. Doran*, 7 Ill.App.3d 614, 287 N.E.2d 731, 733 (1972).

The holding in *Fryar* is clear and unmistakable. On remand, it did not order the trial court to hold an evidentiary hearing during the trial of a workmen's compensation case to determine the amount of an award of attorney fees. *Fryar* and *Clymo* were "remanded to the district court for proceedings on the issue of attorney fees awarded at trial."

What did "proceedings" contemplate? Not an "evidentiary hearing." After setting forth guidelines for the district court to consider in making an award, *Fryar* stated:

* * * Further, we reiterate the need for *evidentiary support* for fees awarded by a trial court. *Trujillo*, supra. [Emphasis added.] [93 N.M. 488, 601 P.2d 718.]

In *Trujillo v. Tanuz*, 85 N.M. 35, 41, 508 P.2d 1332 (Ct.App.1973), relied on by the Supreme Court, this Court said:

Before the trial court made its award, the record failed to disclose the amount of time plaintiff's attorney spent in conferences, if any, investigations made, if any, research, legal and medical, if any, preparation for trial, etc.

*Trujillo* set forth what is called "evidentiary support." "Evidentiary support" means facts presented by a workman during or at the end of the trial of a workmen's compensation case which will assist the trial court in rendering a decision, one in which findings and conclusions can be made with reference to the amount of attorney fees the workman is entitled to for services rendered from the date of representation through the trial of the case.

"Evidentiary support" does not mean "evidentiary hearing."

Inasmuch as certiorari has been granted in *Johnsen, Second*, we do not feel inclined to discuss the case.

Section 52–1–54(D) simply provides "that the trial court in determining and fixing a reasonable fee must take into consideration" certain factors. *Fryar* followed in the footsteps of this section by suggesting additional factors to guide the district court in its determination of a reasonable fee.

In the instant case, at the close of the evidence, the trial court said:

> And on the matter of fees I will need to fix in the matter, you gentlemen might want to submit me a memorandum as to your time and work in it, or suggestions as to fees, and copy to Mr. Richards on that, and I'll incorporate it in my decision.

Attorneys Phelps and Reynolds submitted statements of services rendered. This was "evidentiary support." Based upon the information presented, the trial court made finding No. 9, and conclusion No. 4, *supra*. The trial court complied with the law in *Fryar*.

With reference to an award of attorney fees in the appeal, we suggested in *Clymo*, "In the brief on appeal, plaintiff's attorney should detail the work expended from the entrance of a judgment below." [94 N.M. 214, 608 P.2d 528.] This information was not presented. Although this Court and the Supreme Court may disagree as to the reasonableness of a fee in an appeal, based upon the record, we award plaintiff an attorney fee of $2,500.00 for services rendered in this appeal.

Costs are to be paid by defendants.

Affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.