638 P.2d 1094

**Tommy TAFOYA, Plaintiff-Appellee,**

v.

**S & S PLUMBING COMPANY, Employer, and The Hartford Insurance Company, Insurer, Defendants-Appellants.**

**No. 5122.**

Court of Appeals of New Mexico.

Dec. 15, 1981.

Certiorari Denied Jan. 15, 1982.

Janet Santillanes, James T. Roach, Klecan, Roach & Santillanes, P.A., Albuquerque, for defendants-appellants.

Bruce P. Moore, Santa Fe, and John Duhigg, Duhigg & Cronin, Albuquerque, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendants appeal an award of compensation and attorney fees to plaintiff. Plaintiff's cross-appeal concerns the denial of payment of a doctor's bill. We uphold the trial court on the appeal and cross-appeal, and award attorney fees to plaintiff for the appeal.

*Facts*

Defendants stipulated to notice and to the fact that the accident arose out of and in the course of employment on December 8, 1978. A hearing was held on the issue of disability on November 21, 1979. The court made an oral ruling that plaintiff was temporarily totally disabled from February 1, 1979, through June 15, 1979; 30% partially temporarily disabled from June 15, 1979, through "the present"; and also 30% partial temporary disability should be paid until three months from the date of the hearing, at which time the award would be reviewed. Defendants had paid plaintiff total disability compensation from December 8, 1978, through January 31, 1979. Attorney fees of $1,200.00 were awarded to plaintiff's attorney. No judgment was entered subsequent to that November, 1979 hearing. The award was not reviewed three months later, but was instead reviewed approximately ten months later at a hearing held on October 1, 1980. At that hearing testimony was taken and plaintiff's award was increased to a 45% partial permanent disability, effective (retrospectively) on February 21, 1980. Plaintiff's attorney was awarded an additional $4,500.00.

Defendants appeal the increase in the award from 30% partial temporary to 45% permanent partial and the award of attorney fees. Plaintiff cross-appeals the denial of payment of a bill from a doctor.

*Disability Increase*

Defendants assert the trial court erred in raising the percentage of disability from 30% to 45% for two reasons. First, that the increasing of the original award violated § 52–1–56, N.M.S.A. 1978. Second, the increase was not supported by substantial evidence.

■ Section 52–1–56, *supra*, provides that hearing "*may* not be held more frequently than at six-month intervals . . . ." (Emphasis added.) The answer to defendants' first argument is that the second hearing was not in fact held prior to the expiration of a six-month interval. Thus, § 52–1–56 was not applicable. Lastly, even if the statute were applicable, it is worded in permissive terms (may) and not mandatory terms (shall). *See, Goolsby v. Pucci Distributing Company*, 80 N.M. 59, 451 P.2d 308 (Ct.App.1969).

■ Next, defendants argue the propriety of making a retrospective award. Again, the statute does not preclude such an award. It grants the court the authority to increase compensation "as the facts may warrant." Defendants' argument denies the realities of the situation where a worker suffers an increased disability, but can not get back into court immediately upon realization of the increased disability.

*Substantial Evidence*

■ Defendants contend there was no substantial evidence to support the increased award. At oral argument defendants argued that the oral award by the trial court was in fact a final order. This defies all appellate standards. As an example, see, *Curbello v. Vaughn*, 76 N.M. 687, 417 P.2d 881 (1966), wherein our Supreme Court announced the following rule: "Clearly, the trial court retains exclusive jurisdiction of the case until the entry of a proper judgment or order." By "proper judgment or order" is meant a formal written order or judgment signed by the judge and entered upon the record of the court. *Curbello v. Vaughn, supra.* Since a proper written order or judgment was not entered after the first hearing, and since the judgment entered contained findings and conclusions from both hearings, the second hearing must be viewed as a continuation of the first.

■ At oral argument defendants were most belittling of plaintiff's medical expert, Dr. Rosenbaum, in an impassioned argument attempting to divert us from the record. Factual arguments which are of a personal view and not supported by the record are in bad form. Dr. Rosenbaum's testimony of 100% permanent disability was substantial evidence for an award of partial permanent disability. *Ortega v. New Mexico State Highway Department*, 77 N.M. 185, 420 P.2d 771 (1966).

Other arguments advanced by defendants under this general heading are without merit.

*Attorney Fees*

The trial court made an oral award of attorney fees of $1,200.00 plus tax after the first hearing. After the second hearing the trial court entered its findings of fact and conclusions of law. Finding No. 6 states:

The Court previously allowed Plaintiff's attorneys an attorneys' fees in the amount of $1,200.00 plus tax and Plaintiff's attorneys are now allowed an additional fee in the amount of $4,500.00 plus tax for a total of $5,928.00 including tax.

Conclusion No. 3 states:

The Plaintiff's attorneys are entitled to an attorneys' fee of $5,928.00 including tax.

■ Defendants assert the award of attorney fees is reversible. Since defendants did not raise the issue in their requested findings and conclusions, they may not raise it for the first time on appeal. *Lopez v. K. B. Kennedy Engineering Co.*, 95 N.M. 507, 623 P.2d 1021 (Ct.App.1981).

On the merits, defendants contend that there was no hearing on attorney fees and

no evidence presented to support the $5,700.00 award. Defendants cite *Johnsen v. Fryar*, 96 N.M. 323, 630 P.2d 275 (Ct.App. 1980): "[T]he trial court must make findings concerning the fee awarded and . . . there must be evidentiary support for the findings made."

Plaintiff responds by citing *Lopez v. K. B. Kennedy Engineering Co., supra.* Lopez points out that the Supreme Court opinion in *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979), did not require a hearing, but only "proceedings." All that is required is that there be "evidentiary support," which can mean facts presented during or after trial. *Lopez, supra.* We find evidentiary support in the record to sustain the award.

### Order to Show Cause

Plaintiff filed a motion for an order to show cause why defendants should not be held in contempt of court for failure to file the transcript within ten days after it was received. This would have been ten days before the 90–day deadline for filing in the appellate court. N.M.R.Civ.App. 8, N.M. S.A. 1978. Plaintiff has now abandoned this motion but desires us to hold that since workmen's compensation cases are priority cases, transcripts should be filed as soon as ready after the 10–day inspection period. Although we agree that ideally a workman's compensation case should be handled as quickly as possible, we cannot do as plaintiff requests. Supreme Court rules can only be changed by our Supreme Court. *See, Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973).

### Attorney Fee on Appeal

Since plaintiff is successful in maintaining his award of compensation on appeal, he is entitled to attorney fees. *See, Herndon v. Albuquerque Pub. Schools*, 92 N.M. 287, 587 P.2d 434 (1978).

Plaintiff wishes us to engage in the analysis set out by the Supreme Court in *Fryar, supra.* This we decline to do since we do not believe our Supreme Court would impose on us the same standards for setting attorney fees as are used at the trial level. This would require evidentiary hearings that are not appropriate for appellate courts. Moreover, the appellate judges are conversant with the effort involved in legal research and briefing. Judicial notice can be taken of the actual court time of counsel in presenting arguments. Appellate courts can examine the briefs and take note of the degree of difficulty of the issues involved. They can consider other factors that indicate the amount of time expended by counsel in perfecting an appeal that do not require evidentiary hearings.

However, as appellate judges spend more time on the bench, there is a danger of losing track of the economic realities of running a law office. Appellate courts cannot allow themselves to stifle the right to appeal by setting attorney fees so low as to have a "chilling effect" on the zeal with which appeals are prosecuted. *Herndon v. Albuquerque Pub. Schools, supra.*

After considering the record, including the briefs filed, the complexity of the issues involved and the case activity on the appellate level alone, we award attorney fees to plaintiff in the amount of $2,500.00. We further do so in light of the appeal as structured and taken by defendants, since many of the issues raised were convoluted and, therefore, difficult to label and answer by plaintiff.

### Cross-Appeal

The cross-appeal involves the medical expenses incurred in seeing Dr. Rosenbaum. They were disallowed by the trial court on the grounds that defendants were providing adequate medical treatment.

On December 8, 1978, the date of the accident, the employer asked plaintiff if he wanted to see a doctor. Plaintiff declined because he did not think he needed one. On his own initiative, plaintiff then saw Dr. Held on December 11, 1978, and his employer was aware of that fact in the days surrounding that December 11th visit. Plaintiff started seeing Dr. Rosenbaum in Janu-

ary, 1979, and continued to see him in the following months. In January, 1979, plaintiff went to the insurance company offices and no offer to provide medical services was made even though the company knew he was seeing another doctor.

On January 30, 1979, the insurance company sent a letter to plaintiff's attorney stating:

Please be advised that we reserve the right to check the payment of any bills that are being incurred ... with Dr. Rosenbaum. It is our request that we refer your client to a doctor of our choice and, if you are in agreement with this, kindly advise and we will make the necessary arrangements. . . .

A second letter in March indicated the company had not yet received a response to its request.

Section 52–1–49(A), N.M.S.A. 1978, provides "the employer shall furnish all reasonable ... medical ... services and medicine unless the workman refuses to allow them to be so furnished." Subsection (B) provides the employer has no obligation to furnish additional medical services if the employer "has made provisions for, and has at the service of the workman at the time of the accident, adequate ... medical facilities and attention and offers to furnish these services during the period necessary . . . ."

Plaintiff's contention is that the employer's initial offer to provide medical services was declined for lack of need and once defendants became aware plaintiff was obtaining medical services, they did nothing that could be considered an offer until January 30, 1979. Therefore, defendants acquiesced in plaintiff's medical bills. Plaintiff contends defendants' actions are, at most, evidence of a passive willingness to provide medical services, which is not an offer as required by the statute. *Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977). In order for their actions to constitute an "offer," plaintiff contends defendants would have to have told plaintiff about available medical care *after* they became aware he had sought medical attention.

Plaintiff also contends that the letters from the insurance company were not offers, but were seeking agreement to allow them to send plaintiff to one of their doctors, and the letters therefore do not meet the standards set out in *Garcia v. Genuine Parts Co., supra.* We disagree.

We can only read the letter as making a direct offer of medical services of a doctor of defendants' choice. Since plaintiff declined and sought treatment on his own, defendants are under no obligation to pay Dr. Rosenbaum. *Gregory v. Eastern New Mexico University*, 81 N.M. 236, 465 P.2d 515 (Ct.App.1970).

The cross-appeal for Dr. Rosenbaum's expenses is denied. Plaintiff did not increase his award of compensation (medical expenses) and he is not entitled to attorney fees on the cross-appeal. *See, Schiller v. Southwest Air Rangers, Inc.*, 87 N.M. 476, 535 P.2d 1327 (1975).

Affirmed.

WALTERS, C. J., and LOPEZ, J., concur.