648 P.2d 812

**William HOLLIDAY, Plaintiff-Appellant,**

v.

**The TALK OF THE TOWN INC. and New Hampshire Insurance Group, Defendants-Appellees.**

**No. 5497.**

Court of Appeals of New Mexico.

June 10, 1982.

Certiorari Denied July 19, 1982.

Martin E. Threet, Threet & King, Albuquerque, for plaintiff-appellant.

Joe L. McClaugherty, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendants-appellees.

## OPINION

NEAL, Judge.

This is a workmen's compensation case arising out of an injury to plaintiff-appellant, who as an entertainer played lead guitar and fiddle.

On July 25, 1974, plaintiff suffered an accidental injury arising out of and in the course of his employment with the defendant "Talk of the Town." The ends of his ring finger and middle finger on his left hand were severed below the fingernail and below the distal joint of each of the fingers.

At trial the court found that plaintiff suffered an accidental injury to a scheduled body member as provided in § 59–10–18.4, N.M.S.A.1953, now § 52–1–43(A)(19), (23), N.M.S.A.1978, and was entitled to compensation for a period of twenty weeks at the appropriate compensation rate. The court further found that plaintiff was not totally disabled within the meaning of the Workmen's Compensation Act. Judgment was entered for plaintiff on March 22, 1976; the same date plaintiff received a lump sum settlement and signed an instrument entitled "Satisfaction of Judgment and Release in Full." This instrument provided as follows:

> Plaintiff hereby acknowledges the sum of One Thousand Six Hundred and Thirty-Five Dollars and No Cents ($1,635.00) from Defendants in full payment and satisfaction of the Judgment heretofore entered herein and upon the filing of this

Satisfaction of Judgment, signed by Plaintiff and his attorney, that Defendants, and each of them, shall fully and finally be released and discharged from any further claim by Plaintiff on account of the accident, injury and disabilities alleged in the Complaint.

Some thirty-eight months after the entry of judgment on March 22, 1976, plaintiff filed a petition to increase compensation pursuant to § 52–1–56(A), N.M.S.A.1978.

On June 18, 1980, the court denied the defendants' motion to dismiss and granted an interlocutory appeal. This application was filed June 23, 1980, but an order was entered June 24, 1980, denying the interlocutory appeal. On April 23, 1981, defendants filed a motion for summary judgment. The trial court entered summary judgment for defendants on October 9, 1981. Plaintiff appeals.

We affirm.

Plaintiff claims:

1. The trial court erred in granting summary judgment because the extent of aggravation of plaintiff's hand injury presents a genuine issue of material fact.

2. The trial court erred as a matter of law in denying total disability.

3. The trial court erred in concluding that the entire claim had been released and/or satisfied.

Point I. There was no genuine issue of material fact concerning aggravation of plaintiff's hand injury.

■ N.M.R.Civ.P. 56(c), N.M.S.A.1978 (Repl.1980 Pamph.) allows summary judgment when there is no genuine issue of material fact. In determining whether summary judgment is proper the evidence must be viewed in the light most favorable to support the right to a trial on the merits. *Gonzales v. Gackle Drilling Company*, 70 N.M. 131, 371 P.2d 605 (1962).

■ In this case, however, the evidence so viewed does not present a genuine issue of material fact.

Plaintiff states that there was unrebutted evidence that plaintiff had an increase in the "injury" to the two fingers of his left hand. Under the provisions of § 52–1–56, N.M.S.A.1978, an increase or aggravation of "disability" is required. But despite this difference in semantics there is no factual issue as to the alleged aggravation of the hand injury.

Plaintiff contends that Dr. Colocho established that the injury to his hand has been exacerbated so that the entire hand is affected and almost useless. That is not the effect of Dr. Colocho's statement. To the contrary, the doctor found only a normal post-amputation condition of the ends of the two fingers involved, and stated that the injury was well healed. He stated that it did not appear to be painful. There is no statement from the doctor of exacerbation or any other indication of an increase in or aggravation of the disability suffered by the plaintiff as a result of his on-the-job injury. Dr. Colocho also stated that, from a medical point of view, there is nothing further that can be done for the plaintiff's fingers. The foregoing shows an absence of aggravation of the hand injury, and not being contradicted, supports the summary judgment.

Point II. Plaintiff is not entitled to total disability benefits.

Plaintiff had emphysema at the time of his hand injury. According to plaintiff he was hired as an entertainer. After his hand injury, however, he worked as a manager of the club.

■ His emphysema has gotten worse, and he is now unable to work. He claims that he is entitled to total disability benefits because his emphysema, combined with his hand injury, renders him totally disabled. We disagree.

This is not a case in which plaintiff's original compensable injury has been aggravated. Plaintiff cannot rely on *Glover v. Sherman Power Tongs*, 94 N.M. 587, 613 P.2d 729 (Ct.App.1980), because in that case plaintiff's increased disability was directly related to his original compensable injury.

■ A workman has a right to reopen his claim only when the problems which later develop are related to his compensable injury. *Glover, supra*, states that "Section 52–1–56(A) was unquestionably intended to meet the effect of changes which could occur in a workman's physical condition, *as related to a compensable injury * * * * *"* (Emphasis added.) *Rumpf v. Rainbo Baking Co.*, 96 N.M. 1, 626 P.2d 1303 (Ct.App. 1981) states that *Glover* recognizes "the right of a workman to reopen his claim if and when problems later develop which are *related to the compensable injury."* (Emphasis added.)

There is evidence that plaintiff is totally disabled because of his emphysema. There is, however, no evidence that his emphysema is causally connected to the original compensable injury to his hand. The doctor who treated plaintiff's hand injury testified that plaintiff's emphysema has no causal relationship whatsoever with his hand injury.

Claims under the Workmen's Compensation Act are allowed only when they involve job-related injuries. Section 52–1–28, N.M. S.A.1978. There was no evidence that plaintiff's emphysema was causally connected with his employment with "Talk of the Town." Plaintiff admitted this. Had plaintiff brought an entirely new workmen's compensation action based on his emphysema he could not have prevailed; he cannot reopen his judgment and ask for an increase because of it. It is not the intent or purpose of the Workmen's Compensation Act to provide compensation benefits for an employee who, subsequent to a compensable injury, becomes disabled by disease or illness, such as emphysema, which is totally unrelated to his employment or original compensable injury.

Plaintiff's emphysema provides no basis for an increase in compensation benefits.

We need not consider the third claim raised by the plaintiff because of our disposition of this case under the first and second claims raised.

We affirm.

IT IS SO ORDERED.

WOOD and SUTIN, JJ., concur.