656 P.2d 238

**BELLAMAH CORPORATION, Plaintiff-Appellee,**

v.

**RIO VISTA APARTMENTS, a Colorado Limited Partnership, and Ranbir S. Sahni, Individually, Defendants-Appellants.**

**No. 14357.**

Supreme Court of New Mexico.

Dec. 29, 1982.

Ruud & Wells, Deborah H. Mande, Albuquerque, for defendants-appellants.

Johnson & Lanphere, Floyd Wilson, Robin Otten, Albuquerque, for plaintiff-appellee.

OPINION

RIORDAN, Justice.

Bellamah Corporation (Bellamah) sued Ranbir S. Sahni (Sahni), a California resident, and Rio Vista Apartments, a Colorado Limited Partnership, for breach of contract. After a judgment was obtained, Bellamah sought to take Sahni's deposition in a sup-

plemental proceeding. The district court denied Sahni's motion for a protective order and granted Bellamah's motion to find Sahni in contempt of court for his failure to appear at his deposition pursuant to N.M.R. Civ.P. 37(D), N.M.S.A.1978. Sahni appeals. We reverse.

The issue on appeal is whether the district court erred in holding Sahni in contempt of court for his failure to appear at his deposition absent an order compelling discovery.

Bellamah obtained a judgment in the amount of $121,697.81 against Sahni on December 14, 1981. On April 1, 1982, Bellamah filed a notice of deposition directing Sahni to appear for supplemental proceedings on April 8, 1982. Sahni's attorney notified Bellamah that Sahni was unable to attend the deposition on that date and on April 7, 1982, filed a motion for a protective order quashing the notice to take deposition. The district court set a hearing for April 30, 1982. Sahni did not appear for the deposition on April 8, 1982, and Bellamah filed a motion pursuant to Rule 37(D) to hold Sahni in contempt of court for his failure to appear at the deposition. On April 30, 1982, the district court heard both motions at the same time, and denied Sahni's motion for a protective order and held Sahni in contempt of court for failure to appear for his deposition.

RULE 37

■ Sahni argues that under N.M.R. Civ.P. 37, N.M.S.A.1978, a district court may not hold a party in contempt unless and until the district court has entered a discovery order compelling the party to act and the district court's order has been disregarded. We agree. Rule 37(D) provides in pertinent part:

If a party or an officer, director, or managing agent of a party or a person . . . fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice . . . *the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under Subparagraphs (a), (b) and (c) of Paragraph (B)(2) of this rule.* In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subsection may not be excused on the grounds that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(C). [As amended, effective October 1, 1979.] [Emphasis added.]

Subparagraphs (a), (b) and (c) of Rule 37(B)(2) authorize the district court to take certain actions, but they do not mention contempt. Not included among Rule 37(D)'s list of sanctions is that of subparagraph (d) of Rule 37(B)(2). Subparagraph (d) allows as a sanction "an order treating as a *contempt of court* the failure to obey any orders . . . ." N.M.R.Civ.P. 37(B) (emphasis added). While we need not decide what other sanctions are available under Rule 37(D), it seems only logical to us that because Rule 37(B)(2)(d) specifically requires that contempt of court is available as a sanction upon the failure to obey an *order,* there must first be an order entered before contempt of court may be imposed. In this case, no order compelling discovery was entered before the sanction of contempt was imposed.

■ A review of the record shows that no order was entered compelling Sahni to appear at a deposition in New Mexico, nor did Bellamah request such an order. Furthermore, a review of the authorities relied upon by Bellamah reveals, significantly, that in each case in which sanctions were upheld against a party, the party was in direct violation of a district court order. *National Hockey League v. Met. Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 629 P.2d 231 (1980), *appeal dismissed,* 451 U.S. 901,

101 S.Ct. 1966, 68 L.Ed.2d 289 (1981); *Wieneke v. Chalmers,* 73 N.M. 8, 385 P.2d 65 (1963); *Pizza Hut of Santa Fe, Inc. v. Branch,* 89 N.M. 325, 552 P.2d 227 (Ct.App. 1976) (in the above cases, the court order compelling discovery was disregarded prior to sanctions being imposed); *Miller v. City of Albuquerque,* 88 N.M. 324, 540 P.2d 254 (Ct.App.), *cert. denied,* 88 N.M. 318, 540 P.2d 248 (1975) (in this case, the district court had entered an order directing witnesses to be produced).

If Bellamah wished to pursue the sanction of contempt of court against Sahni, they should have sought an order compelling discovery pursuant to Rule 37(A). The district court may not impose a sanction of contempt unless it first has entered an order pursuant to Rule 37(A) compelling a deponent to act, and until the deponent has disregarded that order. *See Schleper v. Ford Motor Co., Auto Div.,* 585 F.2d 1367 (8th Cir.1978).

We hold that it was improper for the district court to hold Sahni in contempt of court. This does not prevent the district court from ordering the payment of expenses or from entering an order compelling discovery.

IT IS SO ORDERED.

SOSA, Senior Justice and STOWERS, J., concur.