720 P.2d 1262

**Ruth L. CLAVERY, Plaintiff-Appellee,**

**v.**

**ZIA COMPANY, Employer, and United States Fidelity and Guaranty Company, Insurer, Defendants-Appellants.**

**No. 8587.**

Court of Appeals of New Mexico.

June 12, 1986.

Bradford V. Coryell, Montgomery & Andrews, P.A., Santa Fe, for defendants-appellants.

Matthew L. Chacon, Espanola, for plaintiff-appellee.

## OPINION

MINZNER, Judge.

Defendants appeal the trial court's award of compensation based on partial permanent disability. They contend the trial court erroneously construed the statute defining partial disability. *See* NMSA 1978, § 52–1–25. Defendants also appeal the attorney fees award. We reverse and remand.

In September 1983, plaintiff suffered a compensable injury to her back. In September 1984, she was diagnosed as having breast cancer. The parties stipulated that this condition was not causally related to her prior injury. The trial court nevertheless adopted plaintiff's suggestion to consider the cancer in evaluating her "general physical capacity," a statutory element of disability under Section 52–1–25. The trial court found that, after the job-related injury, plaintiff was still "able to do most of the duties attendant to a job as a teacher's aid or clerk. However, in her present state of health, she is not able to do these types of jobs."

The appellate issue raised by the findings and conclusions is a legal question: Does Section 52–1–25 provide authority for the trial court to consider a post-injury unrelated illness in awarding compensation? We conclude that it does not.

In construing Section 52–1–25, we must observe the requirement that related statutes should be construed as a whole. *See Keller v. City of Albuquerque,* 85 N.M. 134, 509 P.2d 1329 (1973). We will not read one section of the Workmen's Compensation Act so that it conflicts with another. *See Jaramillo v. Kaufman Plumbing & Heating Co. Inc.,* 103 N.M. 400, 708 P.2d 312 (1985).

NMSA 1978, Section 52–1–28 imposes liability for certain compensable claims. Under this section, a disability must be "a natural and direct result of the accident." *Id.* In *Reynolds v. Ruidoso Racing Ass'n, Inc.,* 69 N.M. 248, 365 P.2d 671 (1961), the supreme court hypothesized a situation in which a worker, who is suffering from a compensable injury to an arm, subsequently is struck by a car while crossing the street. Because no causal connection could be said to exist between the original compensable injury and the condition arising from the later injury, the supreme court said additional compensation was not available. Similarly, in *Holliday v. Talk of the Town, Inc.,* 98 N.M. 354, 648 P.2d 812 (Ct.App.1982), this court ruled that:

> It is not the intent or purpose of the Workmen's Compensation Act to provide compensation benefits for an employee who, subsequent to a compensable injury, becomes disabled by disease or illness * * * which is totally unrelated to his employment or original compensable injury.

*Id.* at 356, 648 P.2d at 814.

Section 52–1–25 further defines "disability." Under this section, the legislature specified a two-pronged test for capacity to work. *See Medina v. Zia Co.,* 88 N.M. 615, 544 P.2d 1180 (Ct.App.1975). Under the first prong, a worker who has suffered a job-related injury must establish that he or she is no longer able to perform the usual tasks in the work performed at the time of the injury. Under the second prong, plaintiff must establish that he or she is unable to perform any work for which he or she is fitted by age, education, training, general physical and mental capacity, and previous work experience.

Plaintiff argues that the various factors to be considered in applying the second

prong need not be causally related to the injury. She contends, further, that when considering her physical capacity, the cancer is relevant.

Defendants contend, and we agree, that to include plaintiff's unrelated post-injury disease in the assessment of her general physical capacity for purposes of determining disability contradicts the stated purpose of workmen's compensation. That legislation was intended "to ensure that industry carry the burden of personal injuries suffered by workmen in the course of their employment." *Candelaria v. General Electric Co.*, 25 SBB 307, 311 (Ct.App. 1986), *cert. granted*, 3/26/86. To that end, the legislature limited an employer's liability by imposing a causation requirement. Although the cancer is an aspect of plaintiff's general physical condition, we cannot construe the legislative use of the phrase "general physical capacity" in Section 52–1–25 to permit the result reached below at trial. *See State v. Apache*, 104 N.M. 290, 720 P.2d 709 (Ct.App.1986). The statutory construction on which the judgment depends would eliminate the causation requirement.

■ The trial court improperly considered a post-injury unrelated illness in determining the degree of disability. Since the trial court found that the plaintiff's cancer was not causally connected to her injury, and since this finding is not disputed, the inclusion of this condition of plaintiff in consideration of the extent of her disability was in error. Consequently, we reverse and remand this matter for findings consistent with this decision, and we do not reach the attorney fees issue. *Clymo v. United Nuclear Corp.*, 94 N.M. 214, 608 P.2d 526 (Ct.App.1980). On remand, after entry of new findings, the trial court should reconsider the amount of the attorney fees award in light of the new findings. *Id.*

For the reasons stated, we reverse the trial court and remand for the entry of findings of fact, conclusions of law, and a judgment consistent with this decision.

IT IS SO ORDERED.

DONNELLY and ALARID, JJ., concur.