746 P.2d 1121

Howard SHRYOCK and Myrtle
Shryock, Plaintiffs–Appellants,

v.

Steven MADRID, Defendant,

and

Vincent Madrid, Defendant–Appellee.

No. 8617.

Court of Appeals of New Mexico.

June 23, 1987.

Charles R. Finley, Warner & Finley, Albuquerque, for plaintiffs-appellants.

Farrell L. Lines, Lamb, Metzgar & Lines, P.A., Albuquerque, for defendant Steven Madrid.

John C. Wheeler, Wheeler, McElwee, Sprague & Long, P.C., Albuquerque, for defendant-appellee Vincent Madrid.

## OPINION

APODACA, Judge.

Subsequent to the filing of our previous opinion in this cause, we granted plaintiffs' motion for rehearing. Having given con-

sideration to plaintiffs' contentions, we withdraw the original formal opinion and substitute this opinion in its place.

Plaintiffs appeal from the trial court's order granting summary judgment to defendant Vincent Madrid. Plaintiffs filed a negligence suit for personal injuries arising out of an automobile accident. Defendant Steven Madrid was the driver of an automobile that collided with a car occupied by plaintiffs. Plaintiffs also sued Vincent Madrid, Steven's father, under the Family Purpose Doctrine.

The trial court, in granting Vincent Madrid's motion for summary judgment, ruled in essence that, as a matter of law, the Family Purpose Doctrine did not apply. The issue on appeal is whether the trial court erred in ruling that there were no genuine issues of material fact and that Vincent Madrid was entitled to judgment as a matter of law. We hold that the trial court did so err and reverse.

**Facts**

On the date of the accident, Steven Madrid, an adult, was living with his parents and two sisters. He purchased the subject automobile approximately three months before the accident. Although the evidence submitted by Vincent Madrid in support of his motion showed that Steven Madrid used his own personal funds for the down payment and the monthly payments paid on the car, there was also evidence that he could not have purchased the car without his father's cosignature on the loan. Both Vincent Madrid and Steven Madrid are named as co-owners on the application for vehicle title and registration with the motor vehicle division. At the time of the accident, Steven Madrid was driving the car for pleasure and one of his sisters and another friend were riding with him as passengers.

**Discussion**

To impute liability for negligence to a non-driver owner of a motor vehicle under the Family Purpose Doctrine, the applicable part of the Uniform Jury Instructions requires as follows:

If you find the motor vehicle operated by [name of operator] was *furnished* by its *owner* for *general family use and convenience,* then the owner is liable for the negligent operation of the vehicle by a *member of the family.*

To hold the defendant liable, you must find that the driver had *authority* to drive the motor vehicle and was using the motor vehicle for the *pleasure or convenience of the family, or a member of it.*

SCRA 1986, 13–1210 (emphasis added).

■ Thus, in order to impute liability, the instruction requires that at the time of the accident: (1) the motor vehicle was operated by a member of the family; (2) the motor vehicle was furnished by its owner for general family use and convenience; (3) the driver had authority to drive the motor vehicle; and (4) the driver was using the motor vehicle for the pleasure or convenience of the family, or a member of it. Unless all of these essential elements are present, liability under the Family Purpose Doctrine cannot be imposed on the non-negligent owner. *See* Annotation, *Modern Status of Family Purpose Doctrine With Respect to Motor Vehicles,* 8 A.L.R.3d 1191 (1966).

In support of a motion for summary judgment, a party is not required to show beyond all possibility that a genuine issue of fact does not exist. *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). The movant need only make a prima facie showing that he is entitled to summary judgment as a matter of law. *Koenig v. Perez,* 104 N.M. 664, 726 P.2d 341 (1986). Once the movant makes this prima facie showing, the burden shifts to the opponent, who must show that there is a reasonable doubt as to the existence of a genuine issue of material fact. *Id.*

In addition to these longstanding standards of review, the following principles also govern our review of this appeal. All reasonable inferences are to be made in favor of the party opposing the motion for summary judgment. *Montoya v. City of Albuquerque,* 82 N.M. 90, 476 P.2d 60 (1970). The evidence on appeal must be viewed in the light most favorable to support the right to a trial on the merits. *Id.;*

*Holliday v. Talk of the Town, Inc.,* 98 N.M. 354, 648 P.2d 812 (Ct.App.1982).

It follows that if Vincent Madrid, in support of his motion for summary judgment, made a prima facie showing that he was entitled to judgment as a matter of law with respect to *any one* of the essential elements noted above, it was incumbent on plaintiffs to show there was a reasonable doubt as to the existence of a genuine issue with respect to each of these elements for which a prima facie showing had been made. If plaintiffs succeeded in doing so, then it devolved upon the trier of fact to resolve such factual issues and it would have been improper to grant summary judgment.

Applying the foregoing principles to the facts of this case, we conclude that although Vincent Madrid met his burden of making a prima facie showing with respect to elements (2) and (3) above, plaintiffs created a reasonable doubt concerning each of these.

### Vehicle Ownership

■ In *Peters v. LeDoux,* 83 N.M. 307, 491 P.2d 524 (1971), our supreme court ruled that ownership, as evidenced by the certificate of title to an automobile, is not essential to liability under this state's Family Purpose Doctrine. Nothing in *LeDoux,* however, precludes a finding of ownership based on such title. With respect to ownership, plaintiffs submitted a title application listing Vincent Madrid as an owner. NMSA 1978, Section 66–3–12 (Repl.Pamp. 1984) provides that a certificate of title is prima facie evidence of ownership. The statute, in effect, creates a presumption that the owner listed in the title is, in fact, the real owner. *Cf. Shorty v. Scott,* 87 N.M. 490, 535 P.2d 1341 (1975).

■ Of no less importance, under SCRA 1986, 11–301, the presumption allows an inference of actual ownership although rebutting evidence has been introduced. The presumption may still "sufficiently influence the trier of facts to conclude the presumed fact does exist." *State Farm Mutual Automobile Insurance Co. v. Duran,* 93 N.M. 489, 492, 601 P.2d 722, 725 (Ct.App.1979). Plaintiffs' evidence, then, created a material issue of fact concerning ownership despite evidence presented to the contrary. *Cortez v. Martinez,* 79 N.M. 506, 445 P.2d 383 (1968), *overruled on other grounds,* 88 N.M. 308, 540 P.2d 238 (1975). While the statute creates a presumption of ownership, it is necessary for the factfinder to determine whether the presumption is rebutted by counter evidence.

### Family Use and Convenience

On the "general family use and convenience" element, plaintiffs presented evidence that two of the family members drove the automobile within three months prior to the accident, and that on at least three or four occasions, including the date of the accident, other family members rode in the automobile. There was also a suggestion the automobile was occasionally used on family errands. These facts were sufficient to raise a genuine dispute whether the car was used for general family purposes. *See Stevens v. VanDeusen,* 56 N.M. 128, 241 P.2d 331 (1951) (mother used minor's car on only two occasions); *Tart v. Register,* 257 N.C. 161, 125 S.E.2d 754 (1962) (mother occasionally drove car).

### Furnishing Requirement

If the factfinder were to determine Vincent Madrid was an owner or co-owner of the vehicle, then the factfinder could go one step further and also determine (not only from that fact but from inferences properly drawn from that and other facts) that he had "furnished" the car to his son by permitting him to have primary use of the vehicle.

■ We find it necessary to address one other important matter raised by Vincent Madrid. Relying on *LeDoux* and *Duran,* he contends in his answer brief that "it is *essential* to the application of the [Family Purpose Doctrine] ... that the vehicle be one that is *maintained* for the general use and convenience of the family." (Emphasis added.) He is correct that both *Duran* and *LeDoux* speak of the motor vehicle being *maintained* by the owner as distinguished from being *furnished.* The question there-

fore arises whether these two different terms are inapposite or adjunctive to one another. The answer lies simply on the fact that when *LeDoux* and *Duran* were decided, UJI Civ. 4.9 (1966) was in effect and required that the motor vehicle be maintained by the owner for the general use and convenience of the family. Since then, our supreme court has adopted the present Uniform Jury Instructions, and one of them, 13–1210, as noted previously, contains the requirement that the motor vehicle be furnished (not maintained) by its owner for general family use and convenience. This instruction is controlling and we therefore find it unnecessary to differentiate between the meanings of the two terms as they may affect the application of the Family Purpose Doctrine.

### Conclusion

We hold, therefore, that it was for the jury to determine whether or not Vincent Madrid was the owner or co-owner of the motor vehicle in question and whether, as an owner, he furnished it to Steven Madrid for general family use and convenience at the time of the accident. The trial court, in granting Vincent Madrid's motion for summary judgment, inappropriately weighed the evidence and in so doing, encroached upon the province of the jury.

We conclude that the trial court improperly granted summary judgment. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

IT IS SO ORDERED.

GARCIA, J., concurs.

FRUMAN, J., dissenting.

FRUMAN, Judge (dissenting).

I respectfully dissent and would affirm the decision of the trial court.

The rationale behind the family purpose doctrine is that an automobile owner, in furnishing or maintaining a vehicle for the general use and convenience of his family, is to be held liable for the negligent operation of the vehicle by a member of his family. *See Boes v. Howell*, 24 N.M. 142, 173 P. 966 (1918). *See also Pavlos v. Albu-*

*querque National Bank*, 82 N.M. 759, 487 P.2d 187 (Ct.App.1971). The family purpose doctrine is based on principles of agency law and master-servant law. *State Farm Mutual Automobile Ins. Co. v. Duran*, 93 N.M. 489, 601 P.2d 722 (Ct.App. 1979). *See Boes v. Howell* (citing with approval *Birch v. Abercrombie*, 74 Wash. 486, 133 P. 1020 (1913)); 7A Am.Jur.2d 193, *Automobiles and Highway Traffic*, § 658 at 891 (1980); Annotation, *Modern Status of Family Purpose Doctrine with Respect to Motor Vehicles*, 8 A.L.R.3d 1191, 1196 (1966).

I agree with the majority that, to impute liability for negligence to a non-driver owner of a motor vehicle, SCRA 1986, 13–1210 requires, in part, that the following elements must be present: (1) the motor vehicle was operated by a member of the family; (2) the motor vehicle was furnished by its owner for general family use and convenience; (3) the driver had authority to drive the motor vehicle; and (4) the driver was using the motor vehicle for the pleasure or convenience of the family, or a member of it.

I also agree that unless *all* the elements required under the doctrine are present, liability cannot be imposed on the non-negligent owner. *See* Annotation, *supra*, at 1196, 1206–07. Thus, owner liability requires a finding that the driver had the owner's authority to drive the vehicle and was using it for the pleasure or convenience of the family or a family member. *See* 13–1210; *Peters v. LeDoux*, 83 N.M. 307, 491 P.2d 524 (1971). It is implicit under this doctrine of imputed liability, which is based on agency principles, that the driver is not the same person as the owner who furnishes the vehicle, and that authorization to drive the vehicle was given by the non-driver owner. *See id.;* 13–1210. *See generally* W. Prosser, *The Law of Torts* § 73 at 483–86 (1971) (discussing imputed negligence under the family purpose doctrine).

Plaintiffs contend there are genuine issues of fact regarding: the vehicle ownership; whether Vincent Madrid furnished the vehicle to his son for general family

use and convenience; and, his son's compliance with that purpose. Plaintiffs cite the following evidence: Steven needed his father's cosignature on the loan to purchase the vehicle; the father is named as a registered owner on the application; during the three months the vehicle was in Steven's possession, his father and his sister each drove it on one occasion; Steven lived with his family, kept the vehicle at the family home, drove it to and from his employment at his father's business and may have driven the vehicle on family errands; and, on the date of the accident, Steven was on a pleasure drive with his sister and another as passengers.

As further support for the application of the family purpose doctrine, plaintiffs state that: since Steven did not need his father's permission to drive the automobile on the date of the accident, this is evidence of the father's authorization to use the vehicle; since Steven earned the wages he used for car payments from his employment with his father, this is further evidence that his father furnished the vehicle; since Steven lived at the family home, since all five family members had automobiles, and since Steven's sister had ridden in the vehicle in question several times prior to the accident, this is evidence that the vehicle had been furnished for the pleasure or convenience of either the family or a family member. The parties have agreed that the age of the driver is not an issue in determining whether the family purpose doctrine applies. *See Burkhart v. Corn,* 59 N.M. 343, 284 P.2d 226 (1955).

The parties agree to some extent on the issue of ownership. Since Vincent Madrid is named on the certificate of title as a co-owner, this is prima facie evidence of his ownership. *See* NMSA 1978, § 66–3–12 (Repl.Pamp.1984); *Cortez v. Martinez,* 79 N.M. 506, 445 P.2d 383 (1968), *overruled on different grounds, McGeehan v. Bunch,* 88 N.M. 308, 540 P.2d 238 (1975). Thus, unless the prima facie ownership is rebutted by other evidence, the fact of the father's ownership would be either presumed or established. *See Western States Collection Co. v. Marable,* 78 N.M. 731,

437 P.2d 1000 (1968). *See also Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972).

Vincent Madrid offered the following to rebut the prima facie evidence of his ownership of the vehicle. His son Steven did not consult him regarding the vehicle purchase, but did get his help in obtaining financing. Steven's testimony is that he exercised complete and sole control over the use of the vehicle and did not intend that his father have any beneficial or legal ownership interest in it. The father's testimony corroborates this.

Vincent Madrid is named as a co-owner on the application for vehicle title and registration with the motor vehicle division. However, Steven is named as the other co-owner, and his signature appears on the application while his father's does not. Neither defendant requested the co-owner entry, and the father had no knowledge of it until he was served with the complaint.

I have recited the rebuttal evidence offered to show that the sole owner of the vehicle was Steven. However, I need not base my dissent on this issue since, as plaintiffs acknowledge, ownership is not the essential factor in finding liability under the family purpose doctrine. Rather, the essential factors are whether the vehicle was furnished by its owner for general family use and convenience and whether authority to drive was granted **by the non-driver owner.** *See Peters v. LeDoux; State Farm Mutual Automobile Ins. Co. v. Duran. See also Pavlos v. Albuquerque National Bank.*

Regarding the element of the owner furnishing the vehicle for general family use and convenience, the record indicates that Steven paid for and received delivery of the vehicle, had the right to control its use, maintained it, and was its sole driver (except for one short drive by his father and another by his sister). Both defendants intended that the car belong to Steven. Vincent Madrid's only specific connection to the vehicle was his signing of the loan application, causing his name to appear on the title. In their brief-in-chief, plaintiffs state that "Steven did not have to have his [father's] permission to purchase the car,

and [his father] had set no rules regarding Steven's use of the car after it was purchased * * * ." This statement, taken in conjunction with the other evidence relied upon by plaintiffs, is insufficient to cast a reasonable doubt on the question of whether defendant Vincent Madrid did furnish the vehicle for the use and convenience of his family. This conclusion is in accord with *Smith v. Simpson,* 260 N.C. 601, 133 S.E.2d 474 (1963), and *Mylnar v. Hall,* 55 Wash.2d 739, 350 P.2d 440 (1960), which are similar cases where the father's only participation was in securing financing for the vehicle purchase. *See also Durrett v. Farrar,* 130 Ga.App. 298, 203 S.E.2d 265 (1973), *overruled on different grounds, Smith v. Telecable of Columbus, Inc.,* 140 Ga.App. 755, 232 S.E.2d 100 (1976); *Herman v. Magnuson,* 277 N.W.2d 445 (N.D. 1979); *Porter v. Hardee,* 241 S.C. 474, 129 S.E.2d 131 (1963).

Plaintiffs claim Vincent Madrid conceded that his son, Steven, had the authority required under the family purpose doctrine to drive a motor vehicle. The record does not indicate such a concession. Vincent Madrid states that he was not the true owner and, thus, did not give his authority as owner; rather, he contends that Steven's authority to drive the vehicle derived from the fact that Steven himself was the adult owner of the vehicle.

Plaintiffs also attempt to show Steven's authorization to use the car through his father's testimony that Steven did not need his father's permission to purchase the vehicle and that the father set no rules regarding Steven's use of the vehicle. I find that this evidence, relied upon by plaintiffs, fails to establish a reasonable doubt, under the family purpose doctrine, that Vincent Madrid gave his son authority to drive the vehicle, an element required by the doctrine. *See Peters v. LeDoux;* 13–1210.

Because plaintiffs have not met their burden in establishing the existence of the elements required under the family purpose doctrine to impose liability on Vincent Madrid, the non-driver registered owner of the motor vehicle, I would hold that the family purpose doctrine is inapplicable to him. Accordingly, I would affirm the trial court's grant of summary judgment in Vincent Madrid's favor.