**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-101**

**Filing Date: September 21, 2010**

**Docket No. 29,217**

**ROBERTA JOJOLA,**

        **Worker-Appellant,**

**v.**

**FRESENIUS MEDICAL CLINIC,**
**ALBUQUERQUE ACUTES, and CNA,**

        **Employer/Insurer-Appellees.**

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

David S. Proffit
Albuquerque, NM

for Appellant

Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Kimberly A. Syra
Amy M. Cardwell
Albuquerque, NM

for Appellees

**OPINION**

**GARCIA, Judge.**

**{1}**    The question before us is whether the workers' compensation judge (WCJ) erred in not combining a work-related impairment of Worker's left leg with a preexisting impairment in Worker's right leg to award scheduled benefits for the right leg impairment. We conclude there was no error and affirm the WCJ's decision.

**BACKGROUND**

1

**{2}** Worker is a licensed practical nurse who injured her left knee at work when a reverse osmosis machine fell on her. The injury left Worker with a permanent physical impairment of fifty percent in her left knee. Worker suffered a permanent loss of use of her left knee as a direct and proximate result of the work accident. Worker's left knee injury was to a member listed on the scheduled list in NMSA 1978, Section 52-1-43(A) (2003) of the Workers' Compensation Act (WCA), and the WCJ awarded loss of use benefits for Worker's left knee impairment. Worker also had a preexisting sixteen percent lower extremity permanent impairment in her right knee. The WCJ determined that Worker was not permanently disabled as a result of the accident and that the preexisting right knee injury did not combine with her left knee injury to result in an additional disability. Worker appealed the WCJ decision.

**ANALYSIS**

**{3}** Worker argues on appeal that the WCJ should have combined the work-related impairment in her left knee with the preexisting impairment in her right knee to issue a scheduled injury loss award for her right knee. Whether Worker can recover additional benefits under this theory is a question of law that we review de novo. *See Meyers v. W. Auto*, 2002-NMCA-089, ¶ 13, 132 N.M. 675, 54 P.3d 79 (applying a de novo standard of review when interpreting a statute).

**{4}** In order to recover compensation for a scheduled injury, a worker has to demonstrate that a specific body member was injured as a result of an accidental injury. *See* § 52-1-43(A) (allowing compensation for "disability resulting from an accidental injury to specific body members"); *Smith v. Ariz. Pub. Serv. Co.*, 2003-NMCA-097, ¶ 9, 134 N.M. 202, 75 P.3d 418 (explaining that a scheduled injury is "the total or partial loss or loss of use of a specific body member listed in Section 52-1-43(A)" (alteration omitted) (internal quotation marks omitted)). If a work-related injury combines with a preexisting injury to further affect the scheduled member and create impairment, a worker is entitled to a scheduled benefit for the total impairment. *Smith*, 2003-NMCA-097, ¶¶ 13, 16 (affirming a scheduled benefit award for the total impairment amount when the worker had a preexisting loss of hearing condition that was worsened by a work-related accident to result in a fifty-nine percent hearing loss). The total impairment loss must be a direct and natural consequence of the work-related injury. *Id.* ¶ 18.

**{5}** In this case, Worker concedes that her preexisting right knee impairment was not a consequence of the work-related accident, and there was no evidence that her preexisting right knee impairment became worse as a result of the accident. Worker's two doctors had not evaluated her right knee impairment since the work-related injury to her left knee and, therefore, could not testify that her right knee impairment had increased as a consequence of her left knee injury. Since Worker's preexisting right knee impairment was not a consequence of the work-related accident, she cannot be compensated for a scheduled injury under Section 52-1-43 for her right knee.

2

**{6}** Under our workers' compensation statutory scheme, "when a preexisting condition combines with a work-related injury to cause a disability, an employee is entitled to benefits commensurate with the total disability sustained[.]" *Edmiston v. City of Hobbs*, 1997-NMCA-085, ¶¶ 8, 24, 123 N.M. 654, 944 P.2d 883 (holding that the worker's preexisting cancer combined with the work-related spinal injury to result in permanent disability). This principle was also applied in *Reynolds* and *Leo* where the injured workers were compensated when a preexisting condition combined with an impairment sustained in a work-related accident to result in overall permanent partial disability. *Reynolds v. Ruidoso Racing Ass'n, Inc.*, 69 N.M. 248, 258, 365 P.2d 671, 678 (1961) (holding that the worker was permanently partially disabled when the worker's preexisting osteoporosis combined with the work-related spinal compression fracture injury); *Leo v. Cornucopia Rest.*, 118 N.M. 354, 359-60, 881 P.2d 714, 719-20 (Ct. App. 1994) (holding that the worker was permanently partially disabled when the worker's preexisting lung and heart conditions combined with the worker's work-related back injury); *see* NMSA 1978, § 52-1-26 (1990). Worker did not seek below and does not argue on appeal that the WCJ should have awarded permanent partial disability for her preexisting right knee condition combined with her work-related left knee injury. She is seeking only a scheduled benefit award for a right knee injury that was preexisting. Therefore, we do not review whether her preexisting right knee impairment combined with her left knee injury to result in a permanent partial disability.

**{7}** Worker is asking this Court to conclude that she is eligible for additional scheduled right knee benefits when there is no direct causal connection between her right knee condition and the work-related injury. Worker does not provide any authority to support her argument, and therefore, we assume that none exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). We allow recovery for a preexisting condition when it combines with a workplace injury to produce an overall scheduled disability or a permanent disability. *See Smith*, 2003-NMCA-097, ¶¶ 16-18; *Edmiston*, 1997-NMCA-085, ¶¶ 23-25. However, when there is no causal relationship between the preexisting condition and the workplace injury, we decline increased benefits under the WCA. *See Holliday v. Talk of the Town Inc.*, 98 N.M. 354, 356, 648 P.2d 812, 814 (Ct. App. 1982) (holding that an illness that was not causally related to the work injury or the employment could not combine with the work-related injury to increase benefits). Based on the current status of Worker's two knee injuries, she is not entitled to scheduled benefits for her right knee when there is no causal connection between the accidental injury and her preexisting right knee impairment. *See* NMSA 1978, § 52-1-28(A)(3) (1987) ("Claims for workers' compensation shall be allowed only . . . when the disability is a natural and direct result of the accident.").

**CONCLUSION**

**{8}** We affirm the WCJ's decision.

**{9}** **IT IS SO ORDERED.**

_____

3

**TIMOTHY L. GARCIA, Judge**

WE CONCUR:

_____
**CELIA FOY CASTILLO, Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for *Jojola v. Fresenius Medical Clinic*, Docket No. 29,217**

| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |

| **ST** | **STATUTES** |
| ST-IP | Interpretation |

| **WC** | **WORKERS COMPENSATION** |
| WC-CC | Causal Connection |
| WC-CD | Combination of Disabilities |
| WC-PE | Pre-Existing Condition |
| WC-WG | Workers' Compensation, General |