GARCIA, Judge (specially concurring). {13} I write to specially concur with the majority and disagree with the application of res judicata to dispose of the merits of Plaintiffs’ appeal. Because I disagree with the maj ority, I would hold that the dismissal of the First Complaint “without prejudice” by Judge Viramontes precludes the application of res judicata to the Second Complaint. However, as to the merits of Plaintiffs Second Complaint, I agree with Judge Robinson’s alternative position that Plaintiffs Second Complaint fails to state a claim upon which relief can be granted under Rule 1-012(B)(6). As a result, the dismissal of the Second Complaint should be affirmed on that basis. {14} The first issue is whether Judge Viramontes’s order dismissing the First Complaint without prejudice constitutes a final judgment “on the merits” for the purposes of res judicata. The majority correctly points out that certain federal courts recognize the application of res judicata to a dismissal without prejudice under a factual scenario similar to this case. Majority Opinion ¶ 8. However, our appellate courts appear to disagree with this federal position and do not apply the doctrine of res judicata when the district court, without any specific qualifications or limiting instruction, utilizes its discretion to dismiss a complaint “without prejudice.” See Sunwest Bank v. Nelson, 1998-NMSC-012 ¶ 7, 125 N.M. 170, 958 P.2d 740 (addressing a dismissal without prejudice in the context of finality so as to permit an immediate appeal but also acknowledging that separate proceedings on the merits are appropriate and overcome the doctrine of res judicata when claims are dismissed without prejudice); Marquez v. Juan Tafoya Land Corp., 1981-NMSC-080, ¶ 9, 96 N.M. 503, 632 P.2d 738 (noting that “a dismissal without prejudice contemplates the right to further proceedings”); Watkins v. Local Sch. Bd., 1975-NMSC-048, ¶¶ 8, 12, 88 N.M. 276, 540 P.2d 206 (recognizing that a dismissal without prejudice along with a limited opportunity to amend the complaint within twenty days only became final and binding when no amended pleadings were filed within the time period allowed); Bankers Trust Co. of Cal. v. Baca, 2007-NMCA-019, ¶¶ 9-10, 141 N.M. 127, 151 P.3d 88 (denying the application of res judicata to the dismissal of a foreclosure action without prejudice that was based upon significant inactivity by the bank); Salazar v. Yellow Freight Sys., Inc., 1990-NMCA-003, ¶¶ 11-13, 109 N.M. 443, 786 P.2d 57 (denying the application of res judicata to a recommended decision arising during the first of two workers’ compensation administrative proceedings where the first claim was dismissed without prejudice); Bralley, 1985-NMCA-043, ¶ 18 (recognizing that “[t]he words ‘without prejudice’ when used in an order or decree generally indicate that there has been no resolution of the controversy on its merits and leaves the issues in litigation open to another suit as if no action had ever been brought”); Chavez v. Chenoweth, 1976-NMCA-076, ¶¶ 25-27, 89 N.M. 423, 553 P.2d 703 (denying the application of res judicata to numerous claims against third parties arising from an automobile accident that were dismissed without prejudice in various separate actions). “A dismissal ‘without prejudice’ gives the complainant the right to state a new and proper cause of action, if he can, and does not take away any rights of defense to the action.” Bralley, 1985-NMCA-043, f 18. Based upon this established precedent in New Mexico, the merits of Plaintiffs’ Second Complaint should be addressed anew. {15} As the majority recognized, Plaintiffs’ Second Compliant is identical to the First Complaint except for some minor additional language added to Count II. Majority Opinion ¶ 3. The modified claims were fully addressed by Judge Robinson and I agree with his analysis and the dismissal of Plaintiffs’ Second Complaint under Rule 1-012(B)(6). The minor wording modification made to Count II did not establish an issue of fact regarding whether Plaintiffs’ individual loan under Count II was preempted under the federal Fair Credit Reporting Act. Plaintiffs have failed to provide this Court with any authority to support their position that a personal loan impacting their business relationships and commercial credit avoids preemption under the federal Fair Credit Reporting Act. See Jojola v. Fresenius Med. Clinic, 2010-NMCA-101, ¶ 7, 149 N.M. 51, 243 P.3d 755 (recognizing that where a party fails to provide any authority for an argument, we will presume that none exists). As a result, the rewording of Count II was also properly dismissed pursuant to Rule 1-012(B)(6). {16} For the reasons stated herein, I specially concur with the majority and would affirm the district court’s dismissal of Plaintiffs’ Second Complaint. TIMOTHY L. GARCIA, Judge