This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38405**

**LOGAN McCABE and
DAWN YAZZIE,**

Plaintiffs-Appellees,

v.

**RICHARD CLARK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Denise Barela Shepherd, District Judge**

Hinkle Shanor LLP
Benjamin F. Feuchter
Albuquerque, NM

for Appellees

Lopez Law NM, LLC
Patrick Lopez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the district court's order holding him in contempt for violating an order compelling discovery. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm the district court.

**{2}**     We restate the relevant factual and procedural background as follows. Plaintiffs sued Defendant for claims arising out of breaches of a residential lease agreement that Defendant purported to enter into as "trustee and/or general manager" of a purported entity identified as "Bear International Trust" (Bear International). [RP 1-13; 25-28] Plaintiffs ultimately obtained a judgment against Defendant in the amount of $6,873.22 plus prejudgment interest. [RP 63, 67]

**{3}**     On February 16, 2018, Plaintiffs issued a subpoena, pursuant to Rule 1-069(A) NMRA, seeking production of "[a]ll documents related to [Defendant's] present employment and all accounts with any financial institution." [RP 75-76] *See id.* ("Upon request of the judgment creditor or a successor in interest, the clerk shall issue a subpoena directing any person with knowledge that will aid in enforcement of or execution on the judgment, including the judgment debtor, to appear before the district court to respond to questions concerning that knowledge."). On May 15, 2018, Plaintiffs served a set of discovery requests on Defendant, pursuant to Rule 1-069(B), which provides that "[i]n lieu of such an examination before the court, the judgment creditor or a successor in interest may obtain discovery from any person, including the judgment debtor, in any manner provided in these rules." These discovery requests consisted of interrogatories and requests for production seeking financial information about Bear International and any other accounts for which Defendant was an owner, authorized signer, or beneficiary. [RP 91-96]

**{4}**     On July 10, 2018, Plaintiffs filed a motion to compel in district court, in which they alleged that Defendant had failed to adequately answer and respond to their first set of discovery in aid of execution of judgment. [RP 81] *See* Rule 1-037(A)(2) NMRA (providing that a party may apply for an order compelling discovery where a party fails to respond to interrogatories or requests for production). Specifically, Defendant had objected to answering interrogatories and requests for production seeking information about Bear International on the basis that the trust was not a party to the matter and the information sought was not relevant and because Bear International was not a party. [RP 90-96] Plaintiffs argued that the information relating to Bear International was relevant because Defendant had previously testified in the matter that he was an owner of several properties through Bear International. [RP 4] Plaintiffs also argued that Defendant's objection that Bear International was not a party was not valid because Rule 1-069 applies to compel "any person with knowledge that will aid in enforcement of or execution on the judgment . . . to respond to questions concerning that knowledge." [RP 84] Plaintiffs attached a copy of Defendant's responses and objections to their motion. [RP 90-96]

**{5}**     Defendant did not file a response to Plaintiffs' motion to compel. The district court held a hearing on the motion on October 29, 2018, and on November 19, 2018, it entered an order granting the motion to compel and ordering Defendant to supplement his answers to specific interrogatories and to respond to Plaintiffs' request for production. [RP 106] The district court also denied an oral request made by Defendant at the hearing that he be permitted to respond to the motion to compel, finding that the motion was untimely. [RP 106] *See* Rule 1-007.1(D) NMRA (stating that any written

response and all documentary evidence in support of the response shall be filed within fifteen days after service of the motion and providing that "[i]f a party fails to file a response within the prescribed time period the court may rule with or without a hearing").

**{6}** On December 4, 2018, Defendant filed a motion to reconsider the order compelling discovery, in which he again asserted that information relating to Bear International was not relevant because the judgment was not enforceable against Bear International, and that such information was confidential. [RP 108-113] On December 24, 2019, Plaintiffs filed their response to Defendant's motion to reconsider. [RP 115] However, Defendant did not file a reply to Plaintiffs' response, nor did he file a notice of completion of briefing or a request for a hearing on his motion. *See* Rule 1-007.1(H) ("At the expiration of all response times under this rule, the movant or any party shall file a notice of completion of briefing. The notice alerts the judge that the motion is ready for decision."); Rule 1-007.1(G) (providing that "[a] request for hearing shall be filed at the time an opposed motion is filed"); Rule 1-007.1(F) (stating that "[a]ny reply brief shall be filed within fifteen . . . days after service of any written response").

**{7}** On March 4, 2019, Plaintiffs filed a motion to hold Defendant in contempt and for attorney fees and costs. [RP 119] Defendant filed a response to the motion on March 21, 2019. [RP 122] On July 8, 2019, following a hearing on the motion, at which Defendant and his counsel did not appear, the district court entered an order holding Defendant in contempt for failing to comply with the district court's November 19, 2018, order granting the motion to compel discovery. [RP 134] Defendant appeals from this order. *See King v. Allstate Ins. Co.*, 2004-NMCA-031, ¶ 19, 135 N.M. 206, 86 P.3d 631 (recognizing that a party seeking to challenge an order granting a motion to compel discovery can file an appeal as of right from an order of contempt for failure to comply).

**{8}** "We review a district court's order compelling discovery for abuse of discretion." *Chavez v. Lovelace Sandia Health Sys.*, 2008-NMCA-104, ¶ 25, 144 N.M. 578, 189 P.3d 711. Similarly, we review a contempt order and the district court's grant of Rule 1-037 sanctions for abuse of discretion. *See Chavez*, 2008-NMCA-104, ¶ 25; *Marchman v. NCNB Tex. Nat'l Bank*, 1995-NMSC-041, ¶ 51, 120 N.M. 74, 898 P.2d 709. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Layne*, 2008-NMCA-103, ¶ 6, 144 N.M. 574, 189 P.3d 707 (internal quotation marks and citation omitted).

**{9}** Defendant first continues to argue that the district court erred in holding him in contempt because his objections to discovery were meritorious and made in good faith. [MIO 1-3] Defendant argues that he raised the issue of confidentiality during the litigation phase of the trial when he delivered a copy of a confidentiality agreement between himself and Bear International to Plaintiffs' counsel. Defendant also argues that his objections to discovery stating that Bear International was a nonparty was sufficient to alert counsel for Plaintiffs that the information sought should be obtained

directly from the third-party under Rule 1-034(C) NMRA. *See id.* (providing that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 1-045(C) NMRA").

**{10}** We first note that Defendant did not argue below that the information sought was confidential or subject to a confidentiality agreement, nor did Defendant argue that Plaintiffs were required to proceed under Rule 1-034(C) in order to obtain the requested discovery. Rather, Defendant entirely failed to respond to the motion to compel discovery, and accordingly, the only arguments before the district court were Defendant's mere assertion that the information was not discoverable because Bear International was not a party and because the information was not relevant, which he made in his objections to discovery. *See In re T.B.*, 1996-NMCA-035, ¶ 13, 121 N.M. 465, 913 P.2d 272 (recognizing that "we review the case litigated below, not the case that is fleshed out for the first time on appeal"). While Defendant attempted to argue that the information was confidential for the first time in his motion to reconsider the district court's order compelling discovery, the district court could properly refuse to consider that argument as it was not made in response to the motion to compel. *See Beggs v. City of Portales*, 2013-NMCA-068, ¶ 28, 305 P.3d 75 (recognizing that, "[t]o the extent [the p]laintiffs' motion for reconsideration raised new matters that could have been [decided in the] briefing [stage] but were not, such failure would provide a basis [for] . . . denial of the motion"); *Nance v. L. J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 26, 138 N.M. 851, 126 P.3d 1215 (holding that there was no abuse of discretion in denying a motion for reconsideration on the basis of fraudulent concealment where the matter was raised for the first time in the motion for reconsideration).

**{11}** We see no abuse of discretion in the district court's order compelling discovery and rejecting Defendant's argument that the information sought was not relevant, either generally or due to Bear International's status as a nonparty. Plaintiffs set out their theory of relevance in their motion to compel discovery, and Defendant provided no argument or legal support in opposition. Specifically, Plaintiffs argued that Bear International was not a legally recognized entity under New Mexico law, and therefore, they had been forced to sue Defendant personally in order to enforce their rights under the lease agreement. [RP 81-82] Plaintiffs also argued that Defendant had previously testified in the case that he was the owner of certain properties "as the general manager" for Bear International. [RP 84] Plaintiffs further argued that Defendant's objection that Bear International was not a party was an attempt to hide behind a purported trust to protect his assets from enforcement of the judgment. [RP 82] In essence, Plaintiffs sought information about Bear International in order to determine whether Defendant owned assets, whether designated as part of a trust or not, that were available to satisfy the judgment against him. Under these circumstances, we see no abuse of discretion in the district court rejecting Defendant's relevance objection, as such information would be relevant to Defendant's ability to satisfy the judgment. *See* Rule 1-069(B) (providing that "the judgment creditor or a successor in interest may obtain discovery from any person, including the judgment debtor, in any manner provided in these rules" in relation to knowledge that will aid in the enforcement of or execution on a judgment).

**{12}** We also reject Defendant's argument that the district court abused its discretion by rejecting his assertion that Bear International was a third-party as a basis to refuse to provide the requested discovery, as Defendant has cited no authority to suggest that a party can resist discovery merely by asserting that the information sought relates to a third-party. *See Jojola v. Fresenius Med. Clinic*, 2010-NMCA-101, ¶ 7, 149 N.M. 51, 243 P.3d 755 (recognizing that where a party fails to provide any authority for an argument, we will presume that none exists); *see also* Rule 1-033(C)(4) NMRA (stating that objections to interrogatories must be stated with specificity).

**{13}** Defendant next argues that his objection that Bear International was not a party raised standing and jurisdictional issues that the district court failed to address. [MIO 4-6] Namely, Defendant argues that, because Plaintiff did not issue a subpoena to Bear International, the district court did not have jurisdiction to order Bear International to produce its financial information. [MIO 4] However, the district court's order does not require Bear International to produce information. Rather, the order requires Defendant to supplement his answers and responses to the interrogatories and to address certain requests for production. [RP 106] As noted, Defendant has cited no authority to suggest that his claim that the information and documents requested related to a third-party constitutes a basis to resist discovery.

**{14}** Defendant also argues that the district court abused its discretion in ruling that he did not have standing to oppose third-party discovery on behalf of Bear International. [MIO 5] It is not clear whether or how this issue was addressed in the district court because Defendant has not provided a compete statement informing this Court of what occurred at the hearing on Plaintiffs' motion to compel, as required by Rule 12-208(D)(3) NMRA. *See id.* (providing that the docketing statement shall contain a recitation of all facts material to a consideration of the issues raised). As Defendant has not informed this Court of the relevant information, either in his docketing statement or his memorandum in opposition, we are not in a position to consider his argument. *See Goodman v. OS Rest. Servs., LLC*, 2020-NMCA-019, ¶ 16, 461 P.3d 906 ("[O]n appeal, there is a presumption of correctness in the rulings and decisions of the district court, and the party claiming error must clearly show error." (alterations, internal quotation marks, and citation omitted)).

**{15}** For these reasons, we see no basis to conclude that the district court abused its discretion in entering its order to compel or in its order holding Defendant in contempt for failure to comply with the order. *See* Rule 1-037(A) (providing for the district court to enter an order compelling discovery); *see also* Rule 1-007.1(D) (stating that "[i]f a party fails to file a response [to a motion] within the prescribed time period the court may rule with or without a hearing"); Rule 1-037(D) (providing that the district court can sanction a party and award attorney fees for failing to comply with discovery obligations); *see also Bellamah Corp. v. Rio Vista Apts.*, 1982-NMSC-155, ¶¶ 6-7, 99 N.M. 188, 656 P.2d 238 (discussing that the district court may impose a sanction of contempt after it has entered an order pursuant to Rule 1-037 and the party has disregarded the order). We therefore affirm the district court.

**{16}** IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**